Good morning, your honor. Steve Hubachek, fellow defenders, on behalf of Mr. Figueroa-Montes. Your honors, in Navarro-Vargas non-bank panel, this court upheld the grand jury instructions in that case because they left room for a jury to exercise its discretion not to indict even if there is probable cause. The instructions here taken as a whole remove that room. That is structural error notwithstanding the recent Navarro case because Navarro goes only to discretion that allows the grand jury to choose not to indict even if there is probable cause. What is the specific passage in the grand jury instructions that you object to, or that you feel creates that distinction? Well, your honor, the most clear expression of it is when the district court judge, in an exchange with one of the jurors during the voir dire portion, said specifically that if there is probable cause, you have an obligation to indict. Give me a page. Sure. Your honor, I'm looking at ER, page 190, and supplemental record, page 78. In this case, we submitted a supplemental version of the record that had the entire voir dire and the entire instruction. Line 7, that's not what your prerogative is here. On page 78. Yes, your honor. And then it goes on pages, lines 11 through 13. It says, and then your obligation, if you find those things to be true, would to be vote in favor of the case going forward. So he's talking about an obligation, and Navarro Vargas upheld the instruction in that case because it was able to find ambiguity in the use of the word should. Now, that same word does appear. I can see that that same phrase does appear in these instructions later on, but they have to look at this as a whole, because when we review grand jury charges or pettit jury charges, we look at the charges as a whole. We look at what information the district court has been providing. The district court's background saying that there's an obligation to indict would certainly inform the grand jury's interpretation of the should language, and he's basically made it perfectly clear this isn't a discretionary thing at all. And, you know, Judge Hawkins' dissent in Navarro Vargas said, you know, there are mandatory meanings of the word should. Given that this district court judge told him about the obligation, it makes sense that it would use the mandatory language. I have a couple of questions for you following up on Judge O'Scanlan's question. Under Omer, United States v. Omer, we indicated that the Supreme Court has found structural error in the requirement of automatic reversal only when there's discrimination on account of race and possibly sex in the selection of grand jurors. Nothing about the language here. I want to tie that to a that where there is grand jury error, as far as instructions are concerned, that if the defendant is ultimately convicted by a jury, that the error is rendered harmless. Combining those two things together, the Omer statement and the Navarro statement, is there any reason why your argument should detain us long? Yes, Your Honor. Okay. First of all, Your Honor is absolutely right. In terms of the Supreme Court has held that sex discrimination and race discrimination are structural errors. But Vasquez, the most recent case on that, didn't stop there. It was asked in the very first line. I was reading on the train yesterday. The very first line of that case is the warden of San Quentin asks us to revisit this rule. And so what they did was they said, we're going to reaffirm our racial discrimination rule. And what's more, we're going to tell you why. And the reason that we reaffirmed it is because the grand jury is vested with this discretion to choose not to indict. The Supreme Court uses terms like, it assesses the need to indict. It talks about how the grand jury frames the indictment and the very existence of the proceedings. So it's talking about a level of discretion that goes beyond probable cause determination. And it found that the racial discrimination affected that exercise of discretion. We're saying that these instructions also affect that exercise of discretion. But what about Navarro in terms of harmless error? There's a jury conviction later. Right. What Navarro says, and I'm reading from pages five. Are you reading Navarro of Vargas? No, Navarro. I mean Navarro. Navarro is a different case. Yes, Navarro, no hyphen. At pages 539 to 540, the panel wrote, the Petit jury's conviction of Navarro beyond a reasonable doubt and rejection of his defenses establishes that there was probable cause to charge him, so he could not have been prejudiced. So what Navarro was focused on was one of the grand jury's functions, which is probable cause determination. But it has another function which wasn't at issue in Navarro, which isn't addressed at all, which is this discretionary power. So I gather you're saying that Navarro, meaning Navarro, not Navarro, Vargas, Vargas Navarro, meaning our 608 Petit jury. Yes, the recent one. Right, the recent one. You're saying that that is distinguishable because the court specifically referred to the fact that because the grand jury found probable cause, that's all that we needed to find, and the fact that the jury convicted the person, that's all that needs to be done. And you're saying that in this case, that the very determination of probable cause was somehow infected by virtue of the fact that the requirement to hand up an indictment was mandatory, if you will. Right. What we're saying is that the grand jury does two things at a minimum. Number one is it determines whether or not there's probable cause. Then number two, it determines whether or not it's going to choose to charge in this particular case as effectively a matter of prosecutorial discretion. That's what Vasquez v. Hillary says, and that portion of Vasquez v. Hillary was actually reaffirmed in Navarro-Vargas at page 1200. So those are the two things. That second portion of the grand jury's job wasn't at issue in Navarro. It's never mentioned. And in Navarro, constitutional errors are different than the ones that are controlled by a mechanic, because they affect the structural protections of the grand jury. Do you have any case law that, I appreciate the ingenuity of your argument, do you have any case law that backs up your argument? I don't have any cases saying that the error is harmful. I have a number of Your Honor's colleagues that have said that it's harmful, that it's structural error. In a sense. In a sense. But they weren't dissenting from the majority's structural error analysis. The majority just found no error. So they kind of went unanswered in that case. But hey, there were five of them, and they're very distinguished jurists. And you can add Judge Kaczynski in too in his Navarro-Vargas dissent. So there is authority out there. But what I think is totally supported by authority is our contention that the grand jury has this discretionary power. That's in Navarro-Vargas and in Vasquez. Counsel, Judge Gould with a question for you. Are you going so far as to say that it's structural error if the court doesn't advise the jury that it has a right to nullify the law? No, Your Honor. We're saying merely that the instructions here went far beyond what were approved in Navarro-Vargas and sent to the jury the discretion at all. We're not saying that you have to tell them you can choose to nullify. And I prefer, you know, exercise your discretion to nullification because that really brings up pedigree nullification, which is an entirely different thing and which isn't legitimate. But Vasquez, by reversing based upon the effect on this discretion, showed that that is a legitimate component of grand jury authority. Let me just make one point, though. Vasquez, you're really talking about dictum coding a dissent from a Second Circuit case. That isn't even really controlling, is it? Oh, I don't think it's dicta at all. Because what happened in that case was California said, we want you to overrule Rose v. Mitchell and all the other cases. And the Supreme Court said that we are not going to overrule those cases because here's the rationale for them. And it relates to this grand jury discretion. And under seminal tribes, Supreme Court explanations of their holdings are binding. So I don't find it to be dicta at all. And it is binding. And if I could, I'd like to repeat my minute. Thank you. May it please the Court, Steven Stone on behalf of the United States. Prior to today's hearing, we were asked to brief or be prepared to discuss two issues. And one you just discussed with defense counsel, which was the Navarro case. The recent Navarro case, the government believes, holds that the errors, if there was an error here, would not be structural. They found that in the Navarro case, the particular obstruction was a wrong statement of the law. Even there, they said it was not structural. It's not gender discrimination in the composition, the selection of jurors. It's not racial discrimination in the composition, selection of jurors. So Navarro says it's not structural. So if there is error, you go to a situation such as this, where a headache jury has found the defendant guilty after a trial, you would find that it was harmless error. I gather that defense counsel seems to acknowledge that there was probable cause here. The question was whether the jury had any obligation to go forward with an indictment, even though there was probable cause. Is that your understanding of his argument as well? I believe that seemed to be it. I'm a little confused on what the argument is. That being said, I was thinking the next part of my argument, Your Honor, was going to be that in this case, there is no error. You don't get to the new Navarro decision because there was not a misstatement of the law. In a recent unpublished decision by this court, Martinez-Valdez, they dealt with the exact issue, the exact same objection. Granted, it was an unpublished decision, but we would ask this court to adopt the reasoning of that case, which was that the language in the charge given by Judge Burns was very similar to the charge that was approved of in Navarro-Vargas, the prior case, and subsequently approved by other cases as well. So our position is we don't even get to the Navarro decision because there was no error here. So you don't think we need to get to harmless error analysis, right? That's correct. So you don't think there is any error? We don't think there is any error. And if there was error, we would argue that it was harmless. Mr. Hubachek specifically says that if you look at that passage on page 78, that that takes discretion away from the jury. They, in effect, must indict. What's your response? They cited Navarro-Vargas and said that similar language in the general charge was appropriate. To that particular part, in Martinez-Valdez, they pointed out that you have to look at that statement in its context, and that was dealing with specific questions or issues that came up with individual potential grand jurors. So again, looking at Navarro-Vargas, Martinez-Valdez, and other cases that have come down over the years, we believe that the charge that Judge Burns gave was appropriate. Well, I'm asking to be specific. The language you set out, we talked about this with your opposing counsel, lines 7 through 13. But Mr. Hubachek suggests that that takes discretion away from the jury. What's your interpretation of those same words that would refute them, not referring to unpublished cases? As we discuss in our brief, some of the verbiage was unnecessary, perhaps. However, if you look throughout the instructions as a whole and put them in context, the use of the word should is used multiple times, not in a few isolated incidents, such as the section that Mr. Hubachek has pointed out to Your Honor, I don't have adequate information about the discretion that it does have, which was approved of. Then your obligation, if you find these things to be true, your obligation would be to vote in favor of the case we're in forward? Well, if probable cause was found. But when taken in context with the other charges given by Judge Burns, the government believes that the grand jury was charged, that it does have discretion on whether to indict or not indict. Our position would be you can't just look at the use of the word obligation in that one exchange, that you have to look at the instructions as a whole. When you look at the instructions as a whole, they essentially mirror those given in Navarro-Vargas and have been upheld by this court. I gather the government does not contend that just because there's probable cause that the grand jury is obligated to indict? No. We would stick to what this court has already set forth in Navarro-Vargas, Cortez-Rivera, and other cases as well. And we believe that Judge Burns substantially mirrored that in his instructions with some surplusage that perhaps should not have been there, but we don't think it made the difference that the defense says it does in this case. Anything further? We were going to address the second case that we were asked to.  Orozco-Acosta, and that deals with the Confrontation Clause issues. And we appreciate the fact that we were asked to discuss that, because that's something that we were going to discuss in any event, because it, again, it shows that cases such as Bajena-Cardenas are still good law, that warrants of deportation do not violate the Confrontation Clause. The one thing I would like to point out there is that the defense seems to make an argument that the first page of the warrant of deportation is somehow different than the second page, and the government would argue that the same rationale would apply to the first page that applies to the second page, even more so on the second page, which has been approved in multiple cases in this court and others, that that might have more testimonial aspects than perhaps the first page, which is just a standard form. But in any event, neither one violates the Confrontation Clause. Those cases now, Orozco-Acosta, Bajena-Cardenas, and some of the others we cite in our brief, also support the government's position that the other documents from the Defendant's A file did not violate the Confrontation Clause. We have conceded that the admission of the Certificate of Non-Existence of Record was error, based on Melendez-Diaz. However, looking at Orozco-Acosta and an unpublished case in this court, Vargas-Victoria, it has been held to be harmless error. So if you don't have any questions on that, I can... No further questions. Okay. Thank you, counsel. Thank you. Would you go ahead and check the other certificates? Thank you, Your Honor. How do I... You've got some 55 seconds. Yes. Your Honor, just a couple of points. I think if you take the instructions as a whole, they don't in any way undercut the obligation instruction. If there are jurors being excused because they say that they might, that there's a chance that they might choose not to indict, there's one section where Judge Burns uses the word should twice in the same paragraph, one saying, you know, the case should go forward if there's probable cause, and then if there's no probable cause, you should hesitate and not indict. So he can't possibly be meaning should in the permissive way there, because then he would be arguing that you should consider indicting even if there was no probable cause, and clearly that would be erroneous. And then finally, to the extent that some juror may have read the should that was given later on as being permissive, then you have the obligation instruction and the should instruction directly conflicting. And this Court has said in the Lewis case that when you have two jury instructions that conflict, when there's not an explanation that goes back and says, you know, forget what I said earlier, that this one is the one that controls, that that doesn't cure the problem. And the Lewis case, I was looking at that again yesterday, and it cites back to the Stein case, and the Stein case cites back to Francis v. Franklin, which is a Supreme Court case. So that's a solid rule of law that's not in any way been challenged. If Your Honors don't have any further. I'm sorry, Counsel. Your time has expired. Oh, I'm sorry. That's counting overtime. I appreciate it. Thank you very much, Your Honor. The case just argued will be submitted for decision. And we will hear.
judges: O'scannlain, Gould, Smith M.